IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PDV Holding, Inc.<br>1293 Eldridge Pkwy<br>Houston, TX 77077<br><br>                Plaintiff,<br><br>      v.<br><br>United States Department of the Treasury<br>1500 Pennsylvania Ave., N.W.<br>Washington, D.C. 20220<br><br>Office of Foreign Assets Control<br>1500 Pennsylvania Ave., N.W.<br>Freedman's Bank Building<br>Washington, D.C. 20220<br><br>               Defendants. | Case No.: _____ |

**COMPLAINT FOR VIOLATION OF THE
<u>FREEDOM OF INFORMATION ACT</u>**

**INTRODUCTION**

1.      Plaintiff PDV Holding, Inc. ("PDV Holding" or "Plaintiff") brings this action for relief under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to compel the Department of the Treasury ("Treasury") and its Office of Foreign Assets Control ("OFAC") (collectively "Defendant Agencies") to produce records, as required by law, relating to OFAC and the U.S. District Court for the District of Delaware and its agents.

2.      Plaintiff is party to a lawsuit involving the registration of a foreign judgment brought by Crystallex International Corporation ("Crystallex"). *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 1:17-mc-00151-LPS (D. Del. June 19, 2017) ("*Crystallex v. Venezuela*").

3.      On February 1, 2023, Plaintiff properly submitted two targeted requests to Treasury in accordance with FOIA and applicable Treasury regulations. Plaintiff requested certain specified records involving OFAC and the U.S. District Court for the District of Delaware and its agents in connection with the aforementioned case, *Crystallex v. Venezuela* (the "Requests").

4.      On February 2, 2023, Treasury referred the Requests to OFAC for processing.

5.      Defendant Agencies' statutory deadline for making a determination concerning Plaintiff's Requests has since expired.

6.      To date, Defendant Agencies have not produced any documents nor made a determination as to the Requests.

7.      Defendant Agencies' failure to act on Plaintiff's Requests violates FOIA and Treasury FOIA Regulations. 5 U.S.C. §§ 552 (a)(6)(A)(i), (a)(6)(B)(i); 31 C.F.R. 1 § 1.4 (2019).

8.      More than a decade ago, the President directed federal agencies to adopt a "presumption in favor of disclosure" and to respond to FOIA requests "promptly and in a spirit of

cooperation," so that "openness prevails." FOIA Pres. Mem., 74 Fed. Reg. 4683, 4683 (Jan. 21, 2009). Defendant Agencies have thus far disregarded this directive in failing to provide a determination or response to Plaintiff's Requests within the time period required under the law.

9. Plaintiff has constructively exhausted administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i), and now seeks judicial relief compelling Defendant Agencies to promptly search for and produce the requested records, and enjoining any further improper withholding.

## JURISDICTION AND VENUE

10. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201(a), and 2202.

11. Venue lies in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## PARTIES

12. Plaintiff PDV Holding is a holding company incorporated in Delaware and headquartered in Houston, TX. Plaintiff submitted the FOIA Requests identified in this Complaint.

13. Defendant Treasury is a department of the government of the United States of America and an "agency" of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Treasury is believed to have possession, custody, and control of records responsive to Plaintiff's Requests.

14. Defendant OFAC is an office within Defendant Treasury and an "agency" of the federal government within the meaning of 5 U.S.C. § 552(f)(1). OFAC is believed to have possession, custody, and control of records responsive to Plaintiff's Requests.

**FACTUAL ALLEGATIONS**

I.   **PLAINTIFF PROPERLY SUBMITTED TWO FOIA REQUESTS FOR AGENCY RECORDS**

15.   On February 1, 2023, Plaintiff properly submitted two targeted requests to Treasury in accordance with FOIA and applicable regulations. The first request sought all documents and communications involving OFAC and the U.S. District Court for the District of Delaware in connection with *Crystallex v. Venezuela*. The second request sought a specified list of documents, including but not limited to relevant scheduling materials, presentations, hand-outs, notes, follow-up materials, and/or correspondence relating to a specific January 12, 2023 meeting involving OFAC and the U.S. District Court for the District of Delaware and its agents. The Requests are attached as **Exhibits 1 and 2**.

16.   The Requests were submitted to Treasury electronically via the National FOIA Portal (foia.gov), as directed on Treasury's FOIA website and regulations. *See Submit a Request,* U.S. DEPARTMENT OF THE TREASURY, https://home.treasury.gov/footer/freedom-of-information-act/submit-a-request, attached as **Exhibit 3**; *see also* 31 C.F.R. 1 § 1.2(a)(1) (2019). The Requests "reasonably describe[]" the records Plaintiff seeks and believes to be in the possession of Defendant Agencies as required by FOIA. 5 U.S.C. § 552(a)(3)(A)(i).

17.   On February 13, 2023, Plaintiff received, via email, Acknowledgement Letters ("Acknowledgement Letters"), dated February 13, 2023, from Treasury's FOIA Administrator, Laura Gonzalez, acknowledging Treasury's receipt of Plaintiff's Requests, assigning the Requests tracking numbers 2023-FOIA-00219 and 2023-FOIA-00220, and stating that there are 330 open requests ahead of the Requests. *See* **Exhibits 4 and 5**.

18.   The Acknowledgement Letters represented that Treasury referred the Requests to OFAC for processing on February 2, 2023. *See id.*

3

19. In the Acknowledgement Letters, Treasury invoked FOIA's 10-day extension for the Requests under Title 5 U.S.C. § 552(a)(6)(B). *See id.* In turn, the 20-day statutory deadline for Defendant Agencies to respond to Plaintiff's Requests concluded on March 3, 2023, 20 days (excepting weekends and public holidays) after the Requests were referred to OFAC, and the additional 10-day statutory extension due to "unusual circumstances" concluded on March 17, 2023. *See* Title 5 U.S.C. §§ 552(a)(6)(A), 552(a)(6)(B).

20. Defendant Agencies have not requested any additional information from Plaintiff, nor has Plaintiff received any further correspondence or communication from Defendant Agencies.

## II. DEFENDANT AGENCIES HAVE FAILED TO MAKE A DETERMINATION WITHIN FOIA'S TIME LIMITS FOR PLAINTIFF'S REQUESTS, AND PLAINTIFF HAS CONSTRUCTIVELY EXHAUSTED ADMINISTRATIVE REMEDIES

### A. Defendant Agencies Violated FOIA's Time Limits and Search Requirements

21. Pursuant to 5 U.S.C. § 552(a)(3)(A), after receiving Plaintiff's Requests, Defendant Agencies were required to search for responsive records, including making reasonable efforts to search for records in electronic format and to produce promptly the records it located. Furthermore, pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant Agencies were required to search for responsive documents and make a determination within 20 working days of receiving the Requests unless a recognized "unusual circumstance," under § 552(a)(6)(B)(i), applied.

22. Pursuant to Section 552(a)(6)(B)(i), Treasury, within the 20-day period, provided Plaintiff written notice that Treasury had determined that "unusual circumstances" apply and was thereby seeking an extension of no more than 10 working days. *See* 31 C.F.R. 1 § 1.4(c) (2019). Treasury sought this extension for both Requests because "OFAC must search multiple component divisions of OFAC to appropriately respond to [the Requests]." *See* **Exhibits 4 and 5**. As a result,

Defendant Agencies were obligated to provide a determination as to Plaintiff's Requests within 30-working days of receipt of the Requests (i.e., by March 17, 2023).

23. Under 5 U.S.C. § 552(a)(6)(A)(i), a determination requires that the responding agency state which documents will be produced or withheld, provide reasons for any withholding, and inform a requestor of their appellate rights. An agency that fails to do so has not made a determination as required by FOIA. *See Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013) (holding that "in order to make a 'determination' and thereby trigger the administrative exhaustion requirement, the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse."). As to the Requests, Defendant Agencies have not stated which documents will be produced or withheld, provided reasons for any withholding, nor informed Plaintiff of its appellate rights. Defendant Agencies thus have not made a determination as required by FOIA.

24. Given that Plaintiff's Requests were referred to OFAC on February 2, 2023, more than 30 working days ago, OFAC has since violated both the 20- and 30-working-day deadlines to provide a determination for Plaintiff's requests as required by FOIA.

25. Defendant Agencies' failure to make a determination or any production within the required time period violates 5 U.S.C. §§ 552(a)(6)(A)(i) and (B)(i), as well as Treasury's own FOIA regulations. *See* 31 C.F.R. 1 § 1.4 (2019).

**B.   Plaintiff Has Constructively Exhausted Administrative Remedies**

26. Under 5 U.S.C. § 552(a)(6)(C)(i), a requester exhausts administrative remedies with respect to its request when an agency fails to comply with certain applicable time limit provisions. As stated above, the 20- and 30-working-day time limits for a determination have long

5

since expired, and Plaintiff is therefore "deemed to have exhausted administrative remedies" with respect to the foregoing FOIA violations.  5 U.S.C. § 552(a)(6)(C)(i); *see Citizens for Resp. & Ethics in Wash.*, 711 F.3d at 182 ("But if the agency has not issued its 'determination' within the required time period, the requester may bring suit directly in federal district court without exhausting administrative appeal remedies.").  FOIA thus authorizes Plaintiff to bring suit in this District to compel prompt production and enjoin continued wrongful withholding of records responsive to the Requests.  5 U.S.C. § 552(a)(4)(B).

27. For the foregoing Requests, Defendant Agencies have not stated which documents will be produced or withheld nor provided reasons for any withholding.  Defendant Agencies thus have not made a determination within the applicable deadline as required by FOIA.

## CLAIMS FOR RELIEF

### COUNT ONE:  Failure to Comply with FOIA

28. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

29. Plaintiff properly requested records within the possession, custody, and control of Defendant Agencies.

30. Defendant Agencies are agencies subject to FOIA.

31. Defendant Agencies were required under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to Plaintiff's FOIA Requests and make responsive records promptly available to Plaintiff.

32. The 20-working-day deadline under 5 U.S.C. § 552(a)(6) for Defendant Agencies to conduct such a search and to make a determination as to Plaintiff's FOIA Requests, informing Plaintiff which documents OFAC intends to produce and withhold, and the reasons for withholding any documents, has expired.

33. The 30-working-day deadline under 5 U.S.C. § 552(a)(6)(B) for Defendant Agencies to conduct such a search and make a determination as to Plaintiff's FOIA Requests has also expired.

34. Defendant Agencies have wrongfully failed to conduct such a search and to make and communicate to Plaintiff a determination as to Plaintiff's FOIA Requests within the statutory deadline imposed by FOIA.

35. Defendant Agencies have additionally wrongfully failed to make records responsive to the Requests promptly available to Plaintiff.

36. Plaintiff has exhausted administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

37. Plaintiff is entitled to an order compelling Defendant Agencies to conduct reasonable searches sufficient to locate records responsive to the Requests and to produce expeditiously all responsive records, subject to withholdings agreed to by the parties or approved by this Court.

38. To facilitate determination of the validity of any withholdings based on FOIA exemptions that Defendant Agencies may ultimately assert, Plaintiff seeks an order compelling Defendant Agencies to produce indexes justifying redactions to or withholding of responsive records.

### COUNT TWO:  Declaration Precluding Assessment of Fees

39. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

40. Defendant Agencies have failed to comply with the statutory time limits under 5 U.S.C. § 552(a)(6) and Treasury's own FOIA regulations.  *See* 31 C.F.R. 1 § 1.7 (2019).

41. Accordingly, Plaintiff is entitled to a declaration that Defendant Agencies may not assess any search fees associated with Plaintiff's Requests, pursuant to 5 U.S.C. § 552(a)(4)(A)(viii) and 28 U.S.C. § 2201(a).

**PRAYER FOR RELIEF**

42. Plaintiff requests that the Court:

    a. Order Defendant Agencies to conduct expeditiously a reasonable search for all records responsive to Plaintiff's FOIA Requests to the extent such a search has not already been conducted, and to demonstrate that they employed search methods reasonably likely to lead to the discovery of responsive records;

    b. Order Defendant Agencies to produce within twenty (20) days or such other time as the Court deems proper all records responsive to Plaintiff's Requests that are subject to disclosure under FOIA, as agreed to by the parties or determined by the Court, and indexes justifying any withholdings or redactions;

    c. Declare that Defendant Agencies failed to comply with the time limits under 5 U.S.C. § 552(a)(6) and that search fees may not be assessed under 5 U.S.C. § 552(a)(4)(A)(viii) with respect to Plaintiff's Requests; and

    d. Grant Plaintiff any other relief the Court deems just and proper.

Dated: May 8, 2023

Respectfully submitted,

<u>/s/ Samuel G. Hall</u>
Samuel G. Hall (D.C. Bar No. 242110)
Andrew B. English (D.C. Bar No. 1021498)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006-1238
Tel: (202) 303-1000
Fax: (202) 303-2000
SHall@willkie.com
AEnglish@willkie.com

*Counsel for Plaintiff*