UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PDV HOLDING, INC.,<br><br>                    Plaintiff,<br><br>          v.<br><br>U.S. DEPARTMENT OF THE<br>TREASURY et al.,<br><br>                    Defendants. | Civil Action No. 23-1304 (TJK) |

## JOINT STATUS REPORT

Pursuant to the Court's July 6, 2023 Minute Order, Plaintiff and Defendants, the U.S. Department of the Treasury ("Treasury") and the Office of Foreign Assets Control ("OFAC"), by and through undersigned counsel, hereby provide the following joint status report.

1.      This action under the Freedom of Information Act ("FOIA") was filed by Plaintiff on May 8, 2023.  ECF No. 1.  Plaintiff generally seeks communications between Defendants and the Special Master in *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, Civ. A. No. 17-151-LPS (D. Del.).

2.      OFAC has completed the search process and located approximately 3,298 pages of potentially responsive documents.

3.      As reported in the parties' July 5, 2023 Joint Status Report, the parties have agreed that OFAC will begin by reviewing and processing all documents potentially responsive to the narrower of Plaintiff's requests, FOIA No. 2023-FOIA-00220.  In particular, OFAC will prioritize identifying and reviewing responsive materials provided or presented to the U.S. Government by

the Special Master or his agents/representatives, related to the January 12, 2023 meeting referenced in FOIA No. 2023-FOIA-00220, or as follow-up thereto.

4.      The parties further agreed that documents potentially responsive to FOIA No. 2023-FOIA-00220 would be completely reviewed and, where appropriate, produced to Plaintiff by or before August 10, 2023, unless the volume of such material exceeded 500 pages, in which case 500 pages of such material would be reviewed and, where appropriate, produced by or before August 10, 2023, at which point an additional 500 pages would be reviewed, and where appropriate, produced to Plaintiff each month thereafter.  Following the completion of production of documents responsive to FOIA No. 2023-FOIA-00220, the parties agreed to meet and confer as to whether subsequent review of Plaintiff's second, broader request, FOIA No. 2023-FOIA-00219, remained necessary.

5.      Since the last Joint Status Report, OFAC issued its first interim response to Plaintiff's Request on August 10, 2023, which described the status of OFAC's search and review process as follows:

> OFAC has completed its search for records responsive to your request and, at this time, has processed 557 pages. Of these pages, 103 pages are marked as duplicative of material in this release; 300 pages are referred to the U.S. Department of Justice (DOJ) for processing (see 31 C.F.R. § 1.3(d)(2)); 87 pages are pending processing as consultations to DOJ, U.S. Department of State (DOS), other governmental agencies and Treasury components (see 31 C.F.R. § 1.3(d)(1)); 31 pages are pending processing as consultations to DOJ, DOS, other governmental agencies and Treasury components (see 31 C.F.R. § 1.3(d)(1)) and pending processing through the submitter notice process (see 31 C.F.R § 1.5); 15 pages are being withheld in full pursuant to FOIA exemption (b)(5); and 11 pages are being released in part with redactions made pursuant to FOIA exemptions (b)(5) and (b)(6); 10 pages are being released in part with redactions made pursuant to FOIA exemptions (b)(5) and (b)(6) and are duplicative of material in this release.

**Plaintiff's Statement**

Upon receiving OFAC's first production letter and associated first interim production (**Exhibit 1** and **Exhibit 2**, respectively), Plaintiff became concerned about both the breadth of referrals/consultations being sought of non-party agencies and the extent to which seemingly non-exempt information was being withheld under FOIA exemptions (b)(5) and (b)(6).  Plaintiff sought additional information from the Defendants that is necessary to determine the appropriateness of the referrals, consultations, and redactions.  This clarification is particularly important given that Defendants are, in large part, reviewing and producing documents *provided or presented to the U.S. Government by the Special Master or his agents/representatives* and it is unclear how such documents could be protected by the deliberative process or attorney work product privileges.  Defendants refused to provide additional details at this time and, as a result, Plaintiff provides its position here separately.

*Plaintiff's Position Regarding Referrals/Consultations*

With respect to referrals/consultations, in relevant part, OFAC submitted more than 400 pages of the 454 non-duplicative pages it reviewed to various government agencies for separate consultation/review.  No additional information was provided that would allow Plaintiff to assess those referrals, nor is there any information that would allow Plaintiff to determine how long those separate review processes will take.  Some of these proposed referrals/consultations even withheld the name of the referee/consultee agency from Plaintiff.  *See* ¶ 5, *supra* (showing that 118 pages were pending processing from, *inter alia*, "other governmental agencies"); Exhibit 2 at 4, 19, 22, and 32 (stating that the documents are "Pending consultation with […] Other Government Agencies").  In order to understand the bases for these consultations/referrals, Plaintiff thus requests additional information, including the purported bases for believing the referee/consultee

agencies have equities in the documents, as well as the dates and deadlines given by OFAC that will guide these non-party (and often unidentified) agencies in conducting the review necessary to allow OFAC to meet its statutory production deadlines that have long-since lapsed.[1]  Without such information, Plaintiff (and the Court) will be relegated to an unbounded referral process controlled entirely by non-parties to this litigation, an outcome that is contrary to the spirit of FOIA and case precedent.  *See Nat'l Pub. Radio, Inc. v. U.S. Dep't of the Treasury*, No. CV 19-17 (JDB), 2021 WL 1850696, at *2 (D.D.C. Mar. 31, 2021).  Plaintiff also notes that it is only asking for information that Defendants should already have compiled in the course of referring/seeking consultation on these documents.

> *Plaintiff's Position Regarding Defendants' Withholdings and the Need for Interim Vaughn Indexes*

With respect to the claimed withholdings, OFAC has withheld under either FOIA exemption (b)(5) or (b)(6), or a combination thereof, nearly every substantive word of the non-referred, non-consulted-upon documents in its first production.  Plaintiff thus requests that Defendants justify their withholdings and future anticipated withholdings in interim productions by producing contemporaneous interim *Vaughn* indexes laying out—for Plaintiff and for this Court—the statutory requirements to invoke these exemptions.  As before, in requesting information necessary to justify Defendants' proposed withholdings, Plaintiff is only requesting information that Defendants have already collected in deciding to redact or withhold those

---

[1]   Plaintiff has also filed suit against two of the agencies to which OFAC has referred certain documents (the Department of Justice and the Department of State), suits in which Plaintiff is seeking some of the same documents requested here from Treasury/OFAC.  Nonetheless, Plaintiff has not conceded that either agency (or any other agency) has equities in those documents.  Plaintiff simply submitted FOIA requests to the agencies that *might* possess even a *subset* of the requested documents.  Plaintiff thus rejects any suggestion that an agency's purported equities in a document can be demonstrated by Plaintiff's FOIA requests seeking documents from that agency.

documents under the stated exemptions. *Jud. Watch, Inc. v. U.S. Dep't of Justice*, 20 F.4th 49, 55 (D.C. Cir. 2021) (explaining that "the agency invoking the deliberative process privilege must show (1) what deliberative process is involved[;] (2) the role played by the documents in issue in the course of that process[;] (3) the nature of the decisionmaking [sic] authority vested in the officer or person issuing the disputed document[;] and (4) the relative positions in the agency's chain of command occupied by the document's author and recipient.") (internal citations omitted).[2] *See also Dalal v. U.S. Dep't of Justice*, Civ. A. No. 16-1040-TJK, 2022 WL 17092863 (D.D.C. Nov. 21, 2022); *Buzzfeed, Inc. v. Dep't of Homeland Sec., et al.*, Civ. A. No. 19-3295-TJK, 2022 WL 3976099 (D.D.C. Sept. 1, 2022). Defendants should thus be able to share that information with Plaintiff.[3]

Defendants claim that a *Vaughn* index is premature at this time, and indicate that Plaintiff somehow waived its right to request one by stating, at the time the previous Joint Status Report was filed, that the parties then believed that a *Vaughn* index could wait until the close of production. However, that statement was made before Plaintiff was able to see the extent that Defendants would apply withholdings. Having now seen Defendants' proposed withholdings for just the first of what could be many forthcoming productions, over what could now take years, Plaintiff must request additional information, lest the Defendants apply potentially inappropriate

---

[2]    "In those cases where we found that the withheld material was deliberative, we knew the 'who,' i.e., the roles of the document drafters and recipients and their places in the chain of command; the 'what,' i.e., the nature of the withheld content; the 'where,' i.e., the stage within the broader deliberative process in which the withheld material operates; and the 'how,' i.e., the way in which the withheld material facilitated agency deliberation." *Id.* at 56 (citations omitted).

[3]    Furthermore, to the extent the Defendants claim that the FOIA exemption (b)(5) deliberative process or work product privileges permit the withholding of materials provided or presented to the U.S. Government by the Special Master or his agents/representatives, Plaintiff cannot understand the role(s) the Special Master or his agents/representatives may have played that might preserve such privileges without first receiving the information requested by Plaintiff and required by law to justify such withholdings.

withholdings to the entire ~3300 document set, further delaying Plaintiff's receipt of the documents to which it was entitled months ago, and further encumbering this Court with the need to review an order of magnitude more materials just to decide what it could instead decide in the next month.  Plaintiff need not wait for Defendants to withhold, without justification, documents for months or years before addressing the appropriateness of such withholdings, particularly since the information requested by Plaintiff should be readily available to Defendants.  This Court should decline this unnecessary and prejudicial invitation to delay.

*Plaintiff's Proposal*

Given the foregoing and in light of OFAC's description of the production and the referrals, consultations, and submitter notice processes OFAC is employing in its review, as well as the number of documents withheld or redacted under FOIA exemptions (b)(5) and (b)(6), Plaintiff proposes that Defendants begin preparing the following for delivery with their forthcoming monthly interim productions:

   a. **Basis for and Dates Related to Defendants' Referrals/Consultations/Submitter Notice Processes**

      i. For each document that requires either referral to or consultation with another agency, Plaintiff proposes that Defendants provide Plaintiff with the purported basis for believing a referral/consultation is required by law, the reason the recipient agency is believed to have equities in the document, the date on which the referral was effectuated or the consultation solicited, and the date by which Defendants requested a response from the referee or consultee agency.  Such information has been required in this district when an agency is subject to a statutory FOIA deadline that has lapsed prior to

litigation, but where the agency must nonetheless avail itself of third-party consultations/referrals from other agencies in order to fulfill its production obligations. *See Nat'l Pub. Radio*, 2021 WL 1850696, at *2.

ii.  For each document that requires the use of submitter-notice processes, Plaintiff proposes that Defendants provide Plaintiff with the date Defendants requested proposed redactions from the submitter(s), the date by which the submitter(s) were required to provide response(s) to the request, and a date certain by which Defendants will issue final determinations as to the submitter(s)' requested redactions and will issue a final determination/production to Plaintiff regarding the document.

b.  **An Interim *Vaughn* Index for Each Monthly Interim Production**

i.  Plaintiff proposes that Defendants provide an interim *Vaughn* index for each monthly interim production identifying the basis for each document or part thereof withheld under a FOIA exemption.  This shall include, for each document, a description of the predicate facts that Defendants believe entitle the document to FOIA-exempt treatment.  Plaintiff proposes that Defendants produce an interim *Vaughn* index for the first interim production contemporaneously with the second interim production and the second interim *Vaughn* index, and then provide a subsequent interim *Vaughn* index contemporaneously with each forthcoming production.

c.  **Sufficient *Vaughn* Index Descriptions of the Purported Bases for Claimed Exemptions**

   i.  For documents claimed to be exempt under FOIA exemption (b)(5) as "inter-agency" or "intra-agency" records entitled to deliberative process privilege, Plaintiff proposes that Defendants provide Plaintiff sufficient information in their interim *Vaughn* indexes to satisfy this Circuit's test for invoking such privilege.  *See, e.g.*, *Jud. Watch*, 20 F.4th at 55 (discussed in ¶ 8, *supra*); *see also Buzzfeed, Inc.*, 2022 WL 3976099; *Dalal*, 2022 WL 17092863.  Consistent with this case law, Plaintiff proposes that Defendants include this required information in the *Vaughn* indexes provided to Plaintiff contemporaneously with forthcoming interim releases invoking the (b)(5) exemption.

  ii.  For documents and redactions withheld under exemption (b)(5) as privileged attorney work product, Plaintiff proposes that Defendants include in their *Vaughn* indexes the identities of the author(s) and recipient(s) of the allegedly privileged communication, as well as a specific description of the kind of content redacted, and the basis for believing the document is entitled to work product privilege.  Where materials are redacted in anticipation of litigation, Plaintiff proposes that Defendants provide a general description of the anticipated litigation underlying the privilege.[4]  Where information is withheld on the basis that such

---

[4]  The attorney work product privilege protects "documents and tangible things that are prepared in anticipation of litigation or for trial" by an attorney.  *Am. Immig. Council v. U.S. Dep't of Homeland Sec.*, 905 F. Supp. 2d 206, 221 (D.D.C. 2012) (citing Fed. R. Civ. P. 26(b)(3)).  To qualify as being "prepared in anticipation of litigation," the document "must have been

information is a confidential communication between Defendants'
attorneys and Defendants, Plaintiff proposes that Defendants identify the
name of the attorney or attorneys at issue, as well as the identities of all
other senders/recipients/drafters of the allegedly privileged
communications.

iii.   For documents and redactions withheld under FOIA exemption (b)(6),
Plaintiff proposes that Defendants provide a general description of the
individual whose identity is being redacted and the role the individual
played in the communication at issue.   Recognizing that appropriate
deliberative process redactions under exemption (b)(5) require the
disclosure of the identities of the individuals involved in the deliberative
process at issue—a disclosure that is incompatible with a simultaneous
(b)(6) redaction designed to withhold the identity of the same deliberators
and/or their agents/representatives—Plaintiff proposes that Defendants
revisit and reconsider any exemption (b)(6) redactions applied to withhold
the identity of any individual involved in content or documents also
proposed for redaction under FOIA exemption (b)(5).   Where Defendants
claim a (b)(6) redaction to protect the identity of an individual who sent,
received, produced, or edited a document over which Defendants claim a
simultaneous (b)(5) exemption, Plaintiff proposes that Defendants provide
the same details ordinarily required to justify a (b)(5) redaction.

_____

prepared or obtained 'because of' the threat of litigation, meaning that 'the lawyer must at least
have had a subjective belief that litigation was a real possibility, and that belief must have been
objectively reasonable.'" *Id*. (citing *In re Sealed Case*, 146 F.3d 881, 884 (D.C. Cir. 1998)).

**Defendants' Statement**

On Monday, August 21, 2023, Plaintiff sent a proposed JSR with a proposed paragraph 6 that is the subject of this dispute. *See* **Exhibit 3**.[5]  Before explaining why Plaintiff's proposal is unreasonable and legally unsupported, particularly at this early stage of processing Plaintiff's FOIA, Treasury notes that Plaintiff, through its counsel, is seeking largely the same set of records from the Departments of Justice and State in two other litigations (Civ. A. Nos. 23-1591, 23-1593), representing triple the burden to the U.S. Government overall in responding to Plaintiff's FOIA. As mentioned above, Plaintiff is primarily seeking materials provided or presented to the U.S. Government by the Special Master or his agents/representatives in *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, Civ. A. No. 17-151-LPS (D. Del.), on or around January 12, 2023.  The court in that litigation has announced that the process to sell shares of Plaintiff, PDV Holding, Inc., as necessary to satisfy the outstanding judgment of Crystallex and, potentially, other judgment creditors, would be initiated imminently.

Consultation and Referrals

In proposed paragraph 6.a., Plaintiff sought "[f]or each document" being sent for inter-agency referral, consultation, or submitter notice that Treasury provide it with "the purported basis for believing a referral/consultation/submitter notice process is required by law, the reason the recipient agency is believed to have equities in the document," and dates associated with events in the consultation process.  Ex. 3.  Plaintiff stated that such information is "commonly required in this district," but this Court knows from its own FOIA caseload that is not true at all.  In support, Plaintiff cited *Nat'l Pub. Radio, Inc. v. Dep't of the Treasury*, No. CV 19-17 (JDB), 2021 WL 1850696 (D.D.C. Mar. 31, 2021), which is obviously distinguishable on the facts from the instant

---

[5]      The parties' subsequent correspondence discussing Plaintiff's proposal is attached as **Exhibit 4**.

case.  *NPR* was about speeding up the conclusion of consultations after a year and a half of processing, in sharp contrast to this case that has been in processing for no more than two months.[6] Further, *NPR* provides no support for Plaintiff's apparent desire to police whether Treasury's "referrals are indeed reasonable and necessary."  Finally, Plaintiff's suggestion that Treasury's consultations and referrals might not be reasonable or necessary is unbelievable when Plaintiff's priority records relate to a meeting attended by the Departments of Justice, State, and Treasury; Plaintiff or its counsel sued all three agencies for these records; and Plaintiff should be aware of Treasury's regulation that it consult with any agency or office with an "interest" in the requested records prior to making a release determination.  31 C.F.R. § 1.3(d).  The existence of inter-agency equities makes the basis for referrals or consultations here self-evident.  Because Plaintiff's proposal was legally unsupported, unnecessary, and would only slow down its processing, Treasury reasonably rejected the proposal.

<u>Interim Vaughn</u>

In proposed paragraph 6.b., Plaintiff sought an interim *Vaughn* index for the first interim production on August 10 and then interim *Vaughn* indexes "contemporaneously with each forthcoming production."  Ex. 3.  Plaintiff did not explain why it seeks interim *Vaughn* indexes, particularly after Plaintiff had previously agreed to defer the threshold question of whether a *Vaughn* index would even be necessary until after documents productions have concluded.  *See* Joint Status Report (ECF No. 10) ("The Parties propose deferring the question of whether a *Vaughn* index will be required in this case and whether summary judgment briefing is anticipated until the document productions have concluded.").

---

[6]     The second case cited in Plaintiff's proposal does not even address consultations and referrals.

With no evident rationale for its change in position and the fact that a *Vaughn* index is not necessary, certainly at this early stage, Treasury declined Plaintiff's request.  An agency is not obligated by statute or case law to provide a requester with a *Vaughn* index.  *See, e.g., Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 187 n.5 (D.C. Cir. 2013); *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978).  Rather, a *Vaughn* index is "not typically required until the Defendants must factually support a motion for summary judgment" before the Court.[7]  *Pinson v. Dep't of Just.*, 975 F. Supp. 2d 20, 32 (D.D.C. 2013); *Schwarz v. Dep't of Treasury*, 131 F. Supp. 2d 142, 147 (D.D.C. 2000) (noting a *Vaughn* index may be used to "in connection with a motion for summary judgment filed by a defendant in a civil action  pending in court").  That is because the purpose of the *Vaughn* is to permit adequate adversarial testing before the Court of the agency's claimed right to an exemption without full disclosure of the documents.  *In Def. of Animals v. Dep't of Agr.*, 501 F. Supp. 2d 1, 2 n.2 (D.D.C. 2007).

Thus, whether a *Vaughn* index is necessary is premature, and any request to order Treasury to produce interim *Vaughn* indexes should be denied.  *See Pinson*, 975 F. Supp. 2d at 32 (denying plaintiff's request for a Vaughn index "[b]ecause this case is not yet in a posture for dispositive briefing"); *see also U.S. Comm'n on Refugees v. Dep't of State*, Civ. A. No. 91-3303 (JGP), 1992 WL 35089, at *1 (D.D.C. Feb. 7, 1992) ("the preparation of a *Vaughn* index is unwarranted before the filing of dispositive motions"); *Baldwin v. Dep't of Just.*, Civ. A. No. 20-698 (RCL), 2021 WL 4935542 (D.D.C. Feb. 10, 2021) (denying request to order interim *Vaughn* indexes).

Accordingly, there are no legal or practical basis for interim *Vaughn* indexes, which would foist an unnecessary burden on Treasury while it is attempting to process records for release to Plaintiff.

---

[7]      Often a *Vaughn* index is not necessary to support summary judgment because exemptions may be justified in a categorical approach through a declaration or affidavit.

<u>Vaughn Index Contents</u>

The last portion of Plaintiff's proposal in paragraph 6.c. provides Plaintiff's views on what information should be included in the *Vaughn* indexes. Issues pertaining to the content of a *Vaughn* index are premature for the same reasons expressed above. Treasury further notes that "there is no set form for a *Vaughn* Index." *Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 88 (D.D.C. 2009).

*       *       *

In sum, Plaintiff's apparent impatience with how FOIA requests are processed does not justify the relief it seeks. Treasury will continue its reasonable processing of Plaintiff's FOIA request alongside the agency's many other FOIA requests in litigation. Plaintiff's

* * *

6.      The parties propose to file an additional JSR no later than September 22, 2023.

7.      A proposed order is enclosed.

Dated:  August 23, 2023                    Respectfully submitted,

                                           MATTHEW M. GRAVES, D.C. Bar #481052
                                           United States Attorney

                                           BRIAN P. HUDAK
                                           Chief, Civil Division

                              By:     /s/ Sean M. Tepe
                                           SEAN M. TEPE, D.C. Bar #1001323
                                           Assistant United States Attorney
                                           601 D Street, N.W.
                                           Washington, D.C.  20530
                                           Phone:  (202) 252-2533

                                           *Counsel for the United States of America*

_/s/ Samuel G. Hall_
Samuel G. Hall (D.C. Bar No. 242110)
Andrew B. English (D.C. Bar No. 1021498)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C.  20006-1238
Tel:  (202) 303-1000
Fax:  (202) 303-2000
shall@willkie.com
aenglish@willkie.com

_Counsel for Plaintiff_

# EXHIBIT 1



## DEPARTMENT OF THE TREASURY
### WASHINGTON, D.C. 20220

August 10, 2023

FOIA No.:  2023-FOIA-00220
OASIS No.: 1389008

Logan Kenney
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC 20006-1238

**VIA ELECTRONIC MAIL: lkenney@willkie.com**

Re:     PDV Holding, Inc. v. U.S. Department of Treasury et al 1:23-cv-01304-TJK (D.D.C.)

Dear Mr. Kenney:

This letter is our first interim response to your February 1, 2023, Freedom of Information Act (FOIA), 5 U.S.C. § 552, request to the U.S. Department of the Treasury (Treasury). You are seeking "[a]ll documents and communications relating to a meeting between the Office of Foreign Assets Control ("OFAC") and the U.S. District Court for the District of Delaware on January 12, 2023 (the "Meeting"), including but not limited to any related scheduling materials, presentations, hand-outs, notes, follow-up materials, and/or correspondence.  For the avoidance of doubt, the Meeting involved both OFAC and the District Court's Special Master (and/or his representatives or counsel) in Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela, et al., No. 1:17-mc-151-LPS (D. Del.)." Treasury referred this matter to its Office of Foreign Assets Control (OFAC) for processing on February 2, 2023.

In the Joint Status Report, dated July 5, 2023, OFAC reported that it has located 3,298 pages of potentially responsive records.  OFAC proposed that it review 500 pages potentially responsive documents per month and make monthly interim productions of any non-exempt portions of responsive records to Plaintiff.  To that end, we are providing our first interim response.

OFAC has completed its search for records responsive to your request and, at this time, has processed 557 pages. Of these pages, 103 pages are marked as duplicative of material in this release; 300 pages are referred to the U.S. Department of Justice (DOJ) for processing (see 31 C.F.R. §1.3(d)(2)); 87 pages are pending processing as consultations to DOJ, U.S. Department of State (DOS), other governmental agencies and Treasury components (see 31 C.F.R. §1.3(d)(1)); 31 pages are pending processing as consultations to DOJ, DOS, other governmental agencies and Treasury components (see 31 C.F.R. §1.3(d)(1))and pending processing through the submitter notice process (see 31 C.F.R §1.5); 15 pages are being withheld in full pursuant to FOIA exemption (b)(5); and 11 pages are being released in part with redactions made pursuant to FOIA exemptions (b)(5) and (b)(6); 10 pages are being released in part with redactions made pursuant to FOIA exemptions (b)(5) and (b)(6) and are duplicative of material in this release.

Mr. Kenney
Page 2

FOIA exemption (b)(5) protects from disclosure "inter-agency" or "intra-agency" records and information which would not be available by law to a party other than an agency in litigation with OFAC. OFAC used exemption (b)(5) to withhold information under the deliberative process privilege. OFAC determined that some discrete pieces of information, if released, would: 1) hinder open and frank discussions on matters of policy between subordinates and superiors; and/or 2) prematurely disclose proposed policies before they were adopted; and/or 3) engender public confusion from disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action.

Additionally, OFAC used exemption (b)(5) to withhold records and information under the attorney work-product privilege the release of which would undermine our attorneys' trial preparations.

OFAC also used exemption (b)(5) to withhold records and information under the attorney-client privilege which protects confidential communications between OFAC attorneys and OFAC (the client) relating to legal matters for which the OFAC has sought professional advice.

FOIA exemption (b)(6) protects from disclosure personal privacy information, the release of which would constitute a clearly unwarranted invasion of personal privacy. OFAC used a balancing test to determine that the individuals' right to personal privacy outweigh the public's right to release of the information. OFAC withheld the names of individuals, telephone numbers, and email addresses the release of which would be an unwarranted invasion of privacy.

OFAC will continue to process the remaining responsive records until all have been processed.

If you have any questions or would like to discuss this matter, please feel free to contact Assistant United States Attorney Sean M. Tepe at 202-252-2533.

Sincerely,

Marshall H. Fields Jr.
Assistant Director
Information Disclosure and Records Management
Office of Sanctions Support and Operations
Office of Foreign Assets Control

Enclosure: Responsive Records (45 pages, including filler pages)

Cc: sean.tepe@usdoj.gov

# EXHIBIT 2

Bates Nos. 2023-FOIA-00220:
000001 - 000003
Referred to Department of Justice

| From: | OFAC (b)(6) |
|---|---|
| To: | Palluconi, Lisa |
| Cc: | Demske, Susan; OFAC (b)(6) Sun, Lauren; Thannhauser, Sara; Moriarty, Kellen; OFAC (b)(6) Thomas, Nikole; Rasmussen, Mary; OFAC (b)(6) OFAC (b)(6) |
| Subject: | Documents for our 2:30 VZ meeting |
| Date: | Friday, January 6, 2023 2:00:30 PM |
| Attachments: | SM Question Prep v3.docx |
|  | SM Meeting - Draft Points v3.docx |

PRIVILEGED

Hi all,

-
_I've printed out copies of the attached, so please don't worry about printing anything yourselves._



Thanks!

Best,
OFAC (b)(6)

OFAC (b)(6)
Attorney Advisor
Office of Chief Counsel, Foreign Assets Control
United States Department of the Treasury
Mobile: OFAC (b)(6)
Office: OFAC (b)(6)

This e-mail message and any attachments from the United States Department of the Treasury is for the exclusive use of the intended recipient and may contain privileged information, including information protected by the attorney-client and attorney work product privileges. If you are not an intended recipient, please do not read, distribute, or take action in reliance on this message. If you have received this message in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privilege is waived by the transmission of this message.

Bates Nos. 2023-FOIA-00220:
000005 - 000011
Referred to Department of Justice

Bates Nos. 2023-FOIA-00220:
000012 - 000040
Pending Consultation with Other Government Agencies,
Treasury Components, and Submitter Notice Process

**From:** OFAC (b)(6)
**To:** Loshin, Jacob; OFAC (b)(6) Levi, Addar; OFAC (b)(6)
**Cc:** Prince, Jason; Demske, Susan; OFAC (b)(6)
**Subject:** RE: Crystallex v. Venezuela
**Date:** Monday, November 28, 2022 6:42:05 AM

Privileged

Hope everyone had a great Thanksgiving.

May be easiest by call but would be helpful to OFAC (b)(5)

# OFAC (b)(5)

OFAC (b)(5)

Looking forward to connecting when convenient on this.

OFAC (b)(6)

**From:** Loshin, Jacob OFAC (b)(6)
**Sent:** Wednesday, November 23, 2022 11:52 AM
**To:** OFAC (b)(6) Levi, Addar OFAC (b)(6)
OFAC (b)(6)
**Cc:** Prince, Jason OFAC (b)(6) Demske, Susan OFAC (b)(6)
OFAC (b)(6)
OFAC (b)(6)
**Subject:** RE: Crystallex v. Venezuela

Thanks OFAC (b)(6)

**From:** OFAC (b)(6)
**Sent:** Wednesday, November 23, 2022 9:16 AM
**To:** Levi, Addar OFAC (b)(6) Loshin,

Jacob **OFAC (b)(6)**

**Cc:** Prince, Jason **OFAC (b)(6)** ; Demske, Susan **OFAC (b)(6)**
**OFAC (b)(6)**
**OFAC (b)(6)**

**Subject:** RE: Crystallex v. Venezuela

PRIVILEGED//PRE-DECISIONAL//DELIBERATIVE

**OFAC (b)(6)**

**OFAC (b)(5)**

Sorry for the multiple emails— **OFAC (b)(6)** has kindly informed me that the distro list needed further updating.

Kind regards,

**OFAC (b)(6)**

---

**From:** **OFAC (b)(6)**
**Sent:** Wednesday, November 23, 2022 9:01 AM
**To:** Levi, Addar **OFAC (b)(6)** ; Trew, Heather **OFAC (b)(6)** ; Loshin, Jacob **OFAC (b)(6)**
**Cc:** Prince, Jason **OFAC (b)(6)** ; Demske, Susan **OFAC (b)(6)**
**OFAC (b)(6)**
**OFAC (b)(6)**

**Subject:** FW: Crystallex v. Venezuela

PRIVILEGED//PRE-DECISIONAL//DELIBERATIVE

Hi all,

# OFAC (b)(5)

In case we don't speak/email again before tomorrow—hope everyone has a wonderful Thanksgiving!

Kind regards,





Duplicate of Material in Bates No. 00012 - 00040

Bates Nos. 2023-FOIA-00220:
000044 - 000076
Duplicative of Content on
Bates Nos. 2023-FOIA-00220:
000012 - 000040

| From: | Prince, Jason |
|-------|--------------|
| To: | OFAC (b)(6) ; Kaplan, Michael; OFAC (b)(6) ; Posner, Theodore; Levi, Addar; OFAC (b)(6) |
| Cc: | Palluconi, Lisa; Thannhauser, Sara; Moriarty, Kellen; OFAC (b)(6) Demske, Susan |
| Subject: | RE: Crystallex v. Venezuela- proposed time for meeting |
| Date: | Tuesday, December 6, 2022 3:21:53 PM |

+ Susan



Duplicate of of Material in Bates No. 00012 - 00040

Bates Nos. 2023-FOIA-00220:
000078 - 000105
Duplicative of Content on
Bates Nos. 2023-FOIA-00220:
000012 – 000040

| | |
|---|---|
| **From:** | Demske, Susan |
| **To:** | OFAC (b)(6) |
| **Subject:** | RE: Crystallex v. Venezuela |
| **Date:** | Tuesday, November 22, 2022 4:31:00 PM |

Thanks this is a good flag. OFAC (b)(5)

# OFAC (b)(5)

Susan

**From:** OFAC (b)(6)
**Sent:** Tuesday, November 22, 2022 3:36 PM
**To:** Demske, Susan OFAC (b)(6)
**Subject:** FW: Crystallex v. Venezuela

PRIVILEGED//PRE-DECISIONAL//DELIBERATIVE
ATTORNEY-CLIENT COMMUNICATION

Hi Susan,

# OFAC (b)(5)

Thank you,
OFAC (b)(6)

**From:** OFAC (b)(6)
**Sent:** Tuesday, November 22, 2022 1:43 PM
**To:** Gacki, Andrea OFAC (b)(6) Smith, Bradley OFAC (b)(6)
Palluconi, Lisa OFAC (b)(6) Scheinert, Lawrence
OFAC (b)(6) Rasmussen, Mary OFAC (b)(6) Thomas,
Nikole OFAC (b)(6) Gatjanis,
Gregory OFAC (b)(6) Quinby, Ripley OFAC (b)(6)
OFAC (b)(6)
Thannhauser, Sara OFAC (b)(6) Sun, Lauren OFAC (b)(6)
OFAC (b)(6) Moriarty, Kellen OFAC (b)(6)
OFAC (b)(6)
**Cc:** Prince, Jason OFAC (b)(6) Demske, Susan OFAC (b)(6)
OFAC (b)(6)
OFAC (b)(6)
**Subject:** FW: Crystallex v. Venezuela

PRIVILEGED//PRE-DECISIONAL//DELIBERATIVE
ATTORNEY-CLIENT COMMUNICATION

Hi all,

OFAC (b)(5)

OFAC (b)(5)

Kind regards,



Duplicate of Material in Bates No. 00012 - 00040

Bates Nos. 2023-FOIA-00220:
000108 – 000130
Duplicative of Content on
Bates Nos. 2023-FOIA-00220:
000012 – 000040

Bates Nos. 2023-FOIA-00220:
000131 - 000373
Referred to Department of Justice

| | |
|---|---|
| **From:** | OFAC (b)(6) ▮ on behalf of ▮ OFAC (b)(6) |
| **To:** | Demske, Susan; Palluconi, Lisa ▮ OFAC (b)(6) ▮ Thannhauser, Sara; Moriarty, Kellen; ▮ OFAC (b)(6) ▮ OFAC (b)(6) ▮ Thomas, Nikole; Rasmussen, Mary |
| **Cc:** | OFAC (b)(6) Sun, Lauren; ▮ OFAC (b)(6) |
| **Subject:** | FW: Quick Sync on Crystallex |

-----Original Appointment-----
From: OFAC (b)(6)
Sent: Thursday, January 5, 2023 10:17 AM
To: OFAC (b)(6) Palluconi, Lisa ▮ OFAC (b)(6) Thannhauser, Sara; Moriarty, Kellen; ▮ OFAC (b)(6) ▮ OFAC ▮, Thomas, Nikole; Rasmussen, Mary
Cc: OFAC (b)(6) Sun, Lauren; ▮ OFAC (b)(6)
Subject: Quick Sync on Crystallex
When: Friday, January 6, 2023 2:30 PM-3:00 PM (UTC-05:00) Eastern Time (US & Canada).
Where: OFAC 4th Floor VTC Room; // 202-927-2255 Participant Code: ▮OFAC (b)(6)▮

All,

Let's get together briefly and discuss the below OFAC (b)(5)

# OFAC (b)(5)

From: OFAC (b)(6)
Sent: Wednesday, January 4, 2023 5:24 PM
To: Palluconi, Lisa ▮ OFAC (b)(6)
Cc: OFAC (b)(6) ▮ Thannhauser, Sara ▮ OFAC (b)(6)
OFAC (b)(6)
OFAC (b)(6)
OFAC (b)(6)
OFAC (b)(6) ▮ Moriarty, Kellen ▮ OFAC (b)(6)
OFAC (b)(6)
OFAC (b)(6) ▮ Thomas, Nikole ▮ OFAC (b)(6)
OFAC (b)(6) ▮ Rasmussen, Mary ▮ OFAC (b)(6)
OFAC (b)(6) ▮ Sun, Lauren
Subject: Quick VZ Question + Flag for Lisa on Crystallex

Good Evening Lisa,

OFAC (b)(5)                                    OFAC (b)(5) & (b)(6)
OFAC (b)(5)

Additionally, we wanted to let you know that we intend to put together a quick meeting for this Friday afternoon with OFAC folks (POL, OCC, LIC) to discuss Crystallex. OFAC (b)(5)

Finally, in case you hadn't yet seen OFAC (b)(5)

Respectfully,

OFAC (b)(6) | Sanctions Policy Advisor

Office of Foreign Assets Control (OFAC)

U.S. Department of the Treasury

O█OFAC (b)(6)█ | M█OFAC (b)(6)█

OFAC (b)(6)
OFAC (b)(6)

**From:** OFAC (b)(6)
**To:** Demske, Susan
**Subject:** FW: Quick VZ Question + Flag for Lisa on Crystallex
**Date:** Thursday, January 5, 2023 3:11:47 PM
**Attachments:** OFAC (b)(5)

PRIVILEGED

See below for what they hope for OCC to discuss



Bates Nos. 2023-FOIA-00220:
000377 - 000391
Withheld in Full Pursuant to
FOIA exemption (b)(5):
Attorney Work Product

Bates Nos. 2023-FOIA-00220:
000392 - 000397
Pending Consultation with
Department of Justice, Department of State,
Other Government Agencies,
and Treasury Components

Bates Nos. 2023-FOIA-00220:
000398 - 000406
Pending in Consultation With
Department of Justice

Bates Nos. 2023-FOIA-00220:
000407 - 000420
Referred to Department of Justice

Bates Nos. 2023-FOIA-00220:
000421 - 000431
Pending Consultation with
Department of Justice, Department of State,
And Other Government Agencies

Bates Nos. 2023-FOIA-00220:
000432 - 000462
Pending Consultation with
Department of Justice and Department of State

**From:** OFAC (b)(6)
**To:** Gacki, Andrea; Smith, Bradley; Palluconi, Lisa; Scheinert, Lawrence; Gatjanis, Gregory; Quinby, Ripley; Thannhauser, Sara; Moriarty, Kellen; OFAC (b)(6)          Sun, Lauren; OFAC (b)(6)
OFAC (b)(6) Rasmussen, Mary; Thomas, Nikole; OFAC (b)(6)
**Cc:** Demske, Susan; OFAC (b)(6)
**Subject:** Fwd: Crystallex -- VZ parties" motion to join any USG-SM meeting
**Date:** Tuesday, January 10, 2023 9:19:03 AM

Privileged

Hi again,

Another update from DOJ on Crystallex. OFAC (b)(5)

Best,


# Duplicate of Material in Bates No. 00421 - 00431

Bates Nos. 2023-FOIA-00220:
000464 - 000466
Duplicative of Content on
Bates Nos. 2023-FOIA-00220:
000421 – 00431

Bates Nos. 2023-FOIA-00220:
000467 - 000491
Referred to Department of Justice

**From:** Demske, Susan
**To:** OFAC (b)(6)
**Subject:** Re: Crystallex -- VZ parties" motion to join any USG-SM meeting
**Date:** Tuesday, January 10, 2023 9:06:45 PM

Privileged

Thanks so much for doing this OFAC (b)(6) !



Duplicate of Material in Bates No. 00421 - 00431

Bates Nos. 2023-FOIA-00220:
000493 - 000497
Duplicative of Content on
Bates Nos. 2023-FOIA-00220:
000421 – 00431

| From: | OFAC (b)(6) |
|---|---|
| To: | Sun, Lauren; Palluconi, Lisa; OFAC (b)(6) Thannhauser, Sara; Moriarty, Kellen; OFAC (b)(6) OFAC (b)(6) Rasmussen, Mary; Thomas, Nikole; OFAC (b)(6) |
| Cc: | Demske, Susan; OFAC (b)(6) |
| Subject: | RE: Crystallex -- VZ parties" motion to join any USG-SM meeting |
| Date: | Tuesday, January 10, 2023 10:27:04 AM |

Privileged

Hi Lauren,

# OFAC (b)(5) & (b)(6)

Best,

OFAC (b)(6)

---

**From:** Sun, Lauren OFAC (b)(6)
**Date:** January 10, 2023 at 8:49:11 AM EST
**To:** Harrington, Allison OFAC (b)(6) Palluconi, Lisa
OFAC (b)(6)
OFAC (b)(6) Thannhauser, Sara
OFAC (b)(6) Moriarty, Kellen OFAC (b)(6)
OFAC (b)(6)
OFAC (b)(6) Rasmussen, Mary
OFAC (b)(6) Thomas, Nikole OFAC (b)(6)
OFAC (b)(6)
**Cc:** Demske, Susan OFAC (b)(6)
**Subject:** RE: Crystallex -- VZ parties' motion to join any USG-SM meeting

# OFAC (b)(5)

---

**From:** OFAC (b)(6)
**Sent:** Monday, January 9, 2023 10:34 PM
**To:** Gacki, Andrea OFAC (b)(6) Smith, Bradley OFAC (b)(6)
Palluconi, Lisa OFAC (b)(6) Scheinert, Lawrence
OFAC (b)(6) Gatjanis, Gregory OFAC (b)(6) Quinby,
Ripley OFAC (b)(6)
OFAC (b)(6) Thannhauser, Sara OFAC (b)(6)
Moriarty, Kellen OFAC (b)(6) Sun, Lauren OFAC (b)(6)
OFAC (b)(6)
OFAC (b)(6) Rasmussen, Mary OFAC (b)(6) Thomas, Nikole
OFAC (b)(6)

OFAC (b)(6)

**Cc:** Demske, Susan OFAC (b)(6)

**Subject:** Fwd: Crystallex -- VZ parties' motion to join any USG-SM meeting

Privileged

An update for your awareness in the morning! OFAC (b)(5)
OFAC (b)(5)

Best,
OFAC (b)(6)



Duplicate of Material in Bates No. 00421 - 00431

Bates Nos. 2023-FOIA-00220:
000500 - 000501
Duplicative of Content on
Bates Nos. 2023-FOIA-00220:
000421 – 00431

Bates Nos. 2023-FOIA-00220:
000502 - 000520
Pending Consultation with
Department of Justice, Department of State,
And Other Government Agencies

| From: | OFAC (b)(6) |
|---|---|
| To: | Loshin, Jacob; OFAC (b)(6) |
| Cc: | Demske, Susan; OFAC (b)(6) |
| Subject: | RE: Crystallex -- VZ parties" motion to join any USG-SM meeting |
| Date: | Wednesday, January 11, 2023 2:26:27 PM |

Privileged

Hi Jacob,

OFAC (b)(5)

Best,




Duplicate of Material in Bates No. 00421 - 00431

Bates Nos. 2023-FOIA-00220:
000522 - 000529
Duplicative of Content on
Bates Nos. 2023-FOIA-00220:
000421 – 00431

Bates Nos. 2023-FOIA-00220:
000530 - 000537
Pending Consultation with
Department of Justice, Department of State,
And Other Government Agencies

| From: | OFAC (b)(6) |
|---|---|
| To: | OFAC (b)(6) |
| Cc: | Loshin, Jacob; OFAC (b)(6); Demske, Susan; OFAC (b)(6) |
| Subject: | OFAC (b)(5) |
| Date: | Wednesday, January 4, 2023 3:12:35 PM |

Perf. Thanks!

**From:** OFAC (b)(6)
**Sent:** Wednesday, January 4, 2023 3:12 PM
**To:** OFAC (b)(6)
**Cc:** Loshin, Jacob OFAC (b)(6)
Demske, Susan OFAC (b)(6)
OFAC (b)(6)
**Subject:** OFAC (b)(5)

OFAC (b)(5)
OFAC (b)(5)

OFAC (b)(6)

**From:** OFAC (b)(6)
**Sent:** Wednesday, January 4, 2023 2:47 PM
**To:** OFAC (b)(6)
**Cc:** Loshin, Jacob OFAC (b)(6)
Demske, Susan OFAC (b)(6)
OFAC (b)(6)
**Subject:** OFAC (b)(5)

Thanks! I'm planning to FYI this to OFAC (b)(6) Did OFAC (b)(6) receive it separately? If not, I'd like to also FYI it to him.

**From:** OFAC (b)(6)
**Sent:** Wednesday, January 4, 2023 12:55 PM
**To:** OFAC (b)(6)
**Cc:** Loshin, Jacob OFAC (b)(6)
Demske, Susan OFAC (b)(6)
OFAC (b)(6)
**Subject:** OFAC (b)(5)

Privileged

OFAC (b)(6)

Hope you are well. OFAC (b)(5) Please feel free to share this with others.

Best,


| From: | OFAC (b)(6) |
| To: | OFAC (b)(6) |
| Cc: | Loshin, Jacob; OFAC (b)(6) |
| | OFAC (b)(6) |
| Subject: | OFAC (b)(5) |
| Date: | Wednesday, January 4, 2023 1:03:57 PM |

+ OFAC (b)(6)   (OCC) and OFAC (b)(6) (POL) who are spearheading our efforts here. Thanks!

Duplicate of Material in Bates No. 00538 - 00539

**From:** Palluconi, Lisa
**To:** OFAC (b)(6)
**Cc:** OFAC (b)(6)  Thannhauser, Sara; Moriarty, Kellen; OFAC (b)(6)
       Demske, Susan
**Subject:** RE: Crystallex Meeting Follow-up
**Date:** Friday, December 16, 2022 4:25:56 PM

Thank you much!

**From:** OFAC (b)(6)
**Sent:** Friday, December 16, 2022 4:06 PM
**To:** Palluconi, Lisa OFAC (b)(6)
**Cc:** OFAC (b)(6)
OFAC (b)(6)  Thannhauser, Sara
OFAC (b)(6)  ; Moriarty, Kellen OFAC (b)(6)
OFAC (b)(6)  Demske, Susan
OFAC (b)(6)
**Subject:** Crystallex Meeting Follow-up

Good Afternoon Lisa,

It was great to meet this afternoon to discuss our potential path forward regarding the OFAC (b)(5)
matter. As discussed OFAC (b)(5) & (b)(6)

# OFAC (b)(5)

# OFAC (b)(5) & (b)(6)

Thanks so much! Have a wonderful weekend!

Respectfully,

OFAC (b)(6) Sanctions Policy Advisor
Office of Foreign Assets Control (OFAC)
U.S. Department of the Treasury
O: OFAC (b)(6) | M: OFAC (b)(6)
OFAC (b)(6)

Bates Nos. 2023-FOIA-00220:
000542 - 000544
Pending Consultation with
Department of Justice, Department of State,
And Other Government Agencies

| From: | Gacki, Andrea |
|---|---|
| To: | OFAC (b)(6) |
| Cc: | Smith, Bradley; Palluconi, Lisa; OFAC (b)(6) |
| Subject: | Fwd: 2023.01.12 M. Gottlieb and N. Eimer to A. Gacki |
| Date: | Thursday, January 12, 2023 7:04:24 PM |
| Attachments: | 2023.01.12 M. Gottlieb and N. Eimer to A. Gacki.pdf |

FYI:

**From:** Hall, Samuel <SHall@willkie.com>
**Date:** January 12, 2023 at 6:39:50 PM EST
**To:** Gacki, Andrea OFAC (b)(6)
**Cc:** Gottlieb, Michael <MGottlieb@willkie.com>, Eimer, Nate <neimer@EimerStahl.com>, Palluconi, Lisa OFAC (b)(6)
OFAC (b)(6) 'Joseph.Borson@usdoj.gov' <Joseph.Borson@usdoj.gov>
**Subject:** 2023.01.12 M. Gottlieb and N. Eimer to A. Gacki

** **Caution:** External email. Pay attention to suspicious links and attachments. Send suspicious email to suspect@treasury.gov **

Director Gacki –

On behalf of Michael Gottlieb and Nathan Eimer, please find attached correspondence addressed to your office.

Regards,

**Samuel Hall**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1443 | Fax: +1 202 303 2443
shall@willkie.com | vCard | https://hyperlink.services.treasury.gov/agency.do?origin=www.willkie.com bio

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

Bates Nos. 2023-FOIA-00220:
000546 – 000547
Pending Submitter Notice Process

| | |
|---|---|
| **From:** | Levi, Addar |
| **To:** | OFAC (b)(6) Demske, Susan; Loshin, Jacob; OFAC (b)(6) |
| **Subject:** | Re: Crystallex: OFAC (b)(5) |
| **Date:** | Saturday, December 17, 2022 6:17:34 AM |

Thanks, OFAC (b)(6) . Could you please loop me on the invite for this call?

**From:** OFAC (b)(6)
**Date:** December 16, 2022 at 8:48:03 PM EST
**To:** Levi, Addar OFAC (b)(6) Demske, Susan
OFAC (b)(6) Loshin, Jacob OFAC (b)(6)
OFAC (b)(6)
**Subject:** Fwd: Crystallex: OFAC (b)(5)

Duplicate of Material in Bates No. 00530 - 00532

Bates Nos. 2023-FOIA-00220:
000549
Duplicative of Content on
Bates Nos. 2023-FOIA-00220:
000530 – 000532

Bates Nos. 2023-FOIA-00220:
000550 - 000557
Referred to Department of Justice

# EXHIBIT 3

## Tepe, Sean (USADC)

| | |
|---|---|
| **From:** | Hall, Samuel <SHall@willkie.com> |
| **Sent:** | Monday, August 21, 2023 2:16 PM |
| **To:** | Tepe, Sean (USADC) |
| **Cc:** | Ringger, Devin Charles; English, Andrew |
| **Subject:** | [EXTERNAL] RE: Activity in Case 1:23-cv-01593-TJK WILLKIE FARR & GALLAGHER LLP v. UNITED STATES DEPARTMENT OF STATE Order |
| **Attachments:** | PDV v Treasury - 8.23.23 JSR draft.DOCX |

Sean –

We are following up on our note below. In the interest of time, we have also drafted a proposed JSR, which is still subject to client approval.

Best,
Sam

**Samuel Hall**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1443 | Fax: +1 202 303 2000
shall@willkie.com | vCard | www.willkie.com bio

---

**From:** Hall, Samuel <SHall@willkie.com>
**Sent:** Tuesday, August 15, 2023 4:21 PM
**To:** 'Tepe, Sean (USADC)' <Sean.Tepe@usdoj.gov>
**Cc:** Ringger, Devin Charles <DRingger@willkie.com>; English, Andrew <AEnglish@willkie.com>
**Subject:** RE: Activity in Case 1:23-cv-01593-TJK WILLKIE FARR & GALLAGHER LLP v. UNITED STATES DEPARTMENT OF STATE Order

Sean –

Given the JSR due next Wednesday, are you available for a meet and confer next Monday when you are back in the office?

Best,
Sam

**Samuel Hall**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1443 | Fax: +1 202 303 2000
shall@willkie.com | vCard | www.willkie.com bio

---

**From:** Tepe, Sean (USADC) <Sean.Tepe@usdoj.gov>
**Sent:** Friday, August 4, 2023 1:38 PM
**To:** Hall, Samuel <SHall@willkie.com>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PDV HOLDING, INC.,

                Plaintiff,

       v.

U.S. DEPARTMENT OF THE
TREASURY et al.,

                Defendants.

Civil Action No. 23-1304 (TJK)

## JOINT STATUS REPORT

Pursuant to the Court's July 6, 2023, Minute Order, Plaintiff and Defendants, the U.S. Department of the Treasury ("Treasury") and the Office of Foreign Assets Control ("OFAC"), by and through undersigned counsel, hereby provide the following joint status report.

1.      This action under the Freedom of Information Act ("FOIA") was filed by Plaintiff on May 8, 2023.  ECF No. 1.  Plaintiff generally seeks communications between Defendants and the Special Master in *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, Civ. A. No. 17-151-LPS (D. Del.).

2.      OFAC has completed the search process and located approximately 3,298 pages of potentially responsive documents.

3.      As reported in the parties' July 5, 2023 Joint Status Report, the parties have agreed that OFAC will begin by reviewing and processing all documents potentially responsive to the narrower of Plaintiff's requests, FOIA No. 2023-FOIA-00220.  In particular, OFAC will prioritize identifying and reviewing responsive materials provided or presented to the U.S. Government by

the Special Master or his agents/representatives, related to the January 12, 2023 meeting referenced in FOIA No. 2023-FOIA-00220, or as follow-up thereto.

4.      The parties further agreed that documents potentially responsive to FOIA No. 2023-FOIA-00220 would be completely reviewed and, where appropriate, produced to Plaintiff by or before August 10, 2023, unless the volume of such material exceeded 500 pages, in which case 500 pages of such material would be reviewed and, where appropriate, produced by or before August 10, 2023, at which point an additional 500 pages would be reviewed, and where appropriate, produced to Plaintiff each month thereafter.  Following the completion of production of documents responsive to FOIA No. 2023-FOIA-00220, the parties agreed to meet and confer as to whether subsequent review of Plaintiff's second, broader request, FOIA No. 2023-FOIA-00219, remains necessary.

5.      Since the last Joint Status Report, OFAC issued its first interim response to Plaintiff's Request on August 10, 2023, which described the status of OFAC's search and review process as follows:

> OFAC has completed its search for records responsive to your request and, at this time, has processed 557 pages. Of these pages, 103 pages are marked as duplicative of material in this release; 300 pages are referred to the U.S. Department of Justice (DOJ) for processing (see 31 C.F.R. § 1.3(d)(2)); 87 pages are pending processing as consultations to DOJ, U.S. Department of State (DOS), other governmental agencies and Treasury components (see 31 C.F.R. § 1.3(d)(1)); 31 pages are pending processing as consultations to DOJ, DOS, other governmental agencies and Treasury components (see 31 C.F.R § 1.3(d)(1)) and pending processing through the submitter notice process (see 31 C.F.R § 1.5); 15 pages are being withheld in full pursuant to FOIA exemption (b)(5); and 11 pages are being released in part with redactions made pursuant to FOIA exemptions (b)(5) and (b)(6); 10 pages are being released in part with redactions made pursuant to FOIA exemptions (b)(5) and (b)(6) and are duplicative of material in this release.

6.      In light of this description and the referrals, consultations, and submitter notice processes OFAC is employing in its review, as well as the number of documents withheld or

redacted under FOIA exemptions (b)(5) and (b)(6), the parties agree that Defendants shall begin preparing the following for delivery with their forthcoming monthly interim releases:

a. **Dates Related to Defendants' Referrals/Consultations/Submitter Notice Processes**

   i. For each document that requires either referral to or consultation with another agency, Defendants agree to provide Plaintiff with the purported basis for believing a referral/consultation/submitter notice process is required by law, the reason the recipient agency is believed to have equities in the document, the date on which the referral was effectuated or the consultation solicited, and the date by which Defendants requested a response from the referee or consultee agency. Such information is commonly required in this district when an agency is subject to a statutory FOIA deadline that has lapsed prior to litigation, but where the agency must nonetheless avail itself of third-party consultations/referrals from other agencies in order to fulfill its statutory production obligations. *See Nat'l Pub. Radio, Inc. v. U.S. Dep't of the Treasury*, No. CV 19-17 (JDB), 2021 WL 1850696, at *2 (D.D.C. Mar. 31, 2021). Such information is also necessary to allow Plaintiff and the Court to identify the "who," "what," "where," and "how" necessary to ensure that the proposed referrals are indeed reasonable and necessary. *Cf. Jud. Watch, Inc. v. U.S. Dep't of Just.*, 20 F.4th 49, 55 (D.C. Cir. 2021) (raising these questions in the context of deliberative process privilege claims).

    ii.  For each document that requires the use of submitter notice processes, Defendants agree to provide Plaintiff with the date Defendants requested proposed redactions from the submitter(s), the date by which the submitter(s) were required to provide response(s) to the request, and a date certain by which Defendants will issue final determinations as to the submitter(s)' requested redactions and will issue a final determination/production to Plaintiff regarding the document.

**b.  An Interim *Vaughn* Index for Each Monthly Interim Production**

    i.  Defendants agree to provide an interim *Vaughn* index for each monthly interim production identifying the basis for each document or part thereof withheld under a FOIA exemption, as well as, for each document, a description of the predicate facts that Defendants believe entitle the document to FOIA-exempt treatment.  Defendants will endeavor to produce an interim *Vaughn* index for this first interim production contemporaneously with the second interim production and the second interim *Vaughn* index, and will then provide a subsequent interim *Vaughn* index contemporaneously with each forthcoming production.

**c.  Sufficient Descriptions of the Purported Bases for Claimed Exemptions**

    i.  For documents claimed to be exempt under FOIA exemption (b)(5) as "inter-agency" or "intra-agency" records entitled to deliberative process privilege, Defendants agree to provide Plaintiff sufficient information to satisfy this Circuit's test for invoking such privilege.  *See, e.g.*, *Jud. Watch, Inc. v. U.S. Dep't of Justice*, 20 F.4th 49, 55 (D.C. Cir. 2021) (explaining

that "the agency invoking the deliberative process privilege must show (1) what deliberative process is involved[;] (2) the role played by the documents in issue in the course of that process[;] (3) the nature of the decisionmaking [sic] authority vested in the officer or person issuing the disputed document[;] and (4) the relative positions in the agency's chain of command occupied by the document's author and recipient.") (internal citations omitted).  Describing the necessary showing for valid deliberative process privilege claims, the D.C. Circuit further explained:  "In those cases where we found that the withheld material was deliberative, we knew the 'who,' i.e., the roles of the document drafters and recipients and their places in the chain of command; the 'what,' i.e., the nature of the withheld content; the 'where,' i.e., the stage within the broader deliberative process in which the withheld material operates; and the 'how,' i.e., the way in which the withheld material facilitated agency deliberation."  *Id.* at 56.  *See also Buzzfeed, Inc. v. Dep't of Homeland Sec., et al.*, Civ. A. No. 19-3295-TJK, 2022 WL 3976099 (D.D.C. Sept. 1, 2022); *Dalal v. U.S. Dep't of Justice*, Civ. A. No. 16-1040-TJK, 2022 WL 17092863 (D.D.C. Nov. 21, 2022).  Consistent with this case law, Defendants agree to include this required information in the *Vaughn* indices provided to Plaintiff contemporaneously with forthcoming interim releases invoking the (b)(5) exemption.  In particular, where Defendants claim (b)(5) exemption over any document or part thereof provided or presented to the U.S. Government by the Special Master or his agents/representatives, related to the January 12, 2023

meeting referenced in FOIA No. 2023-FOIA-00220, or as follow-up
thereto—the most important documents requested in Plaintiff's Request—
Defendants will explain what role(s), if any, the Special Master and/or his
agents/representatives played in Defendants' (or referee/consultee
agencies') chain(s) of command, the specific and identified deliberative
process(es) underlying Defendants' FOIA exemption claim over that
document, and the identities of the parties who prepared the documents and
those to whom they were addressed. *Id.*

ii. For documents and redactions withheld under exemption (b)(5) as
privileged attorney work product, Defendants will include in their *Vaughn*
index entries the identities of the author(s) and recipient(s) of the allegedly
privileged communication, as well as a specific description of the kind of
content redacted and the basis for believing the document is entitled to work
product privilege.  Where materials are redacted in anticipation of litigation,
Defendants will provide a general description of the anticipated litigation
underlying the privilege.[1] Where information is withheld on the basis that
such information is a confidential communication between OFAC/Treasury
attorneys and OFAC/Treasury, Defendants will identify the name of the
OFAC/Treasury attorney or attorneys at issue, as well as the identities of all

---

[1]   The attorney work product privilege protects "documents and tangible things that are prepared
in anticipation of litigation or for trial" by an attorney.  *Am. Immig. Council v. U.S. Dep't of
Homeland Sec.*, 905 F. Supp. 2d 206, 221 (D.D.C. 2012) (citing Fed. R. Civ. P. 26(b)(3)).  To
qualify as being "prepared in anticipation of litigation," the document "must have been
prepared or obtained 'because of' the threat of litigation, meaning that 'the lawyer must at least
have had a subjective belief that litigation was a real possibility, and that belief must have been
objectively reasonable.'" *Id*. (citing *In re Sealed Case*, 146 F.3d 881, 884 (D.C. Cir. 1998)).

other senders/recipients/drafters of the allegedly privileged communications.

    iii. For documents and redactions withheld under FOIA exemption (b)(6), Defendants agree to provide a general description of the individual whose identity is being redacted and the role the individual played in the communication at issue.  Recognizing that appropriate deliberative process redactions under exemption (b)(5) require the disclosure of the identities of the individuals involved in the deliberative process at issue, a disclosure that is incompatible with a simultaneous (b)(6) redaction designed to withhold the identity of the same deliberators and/or their agents/representatives, Defendants further agree to revisit and reconsider any (b)(6) redactions applied to withhold the identity of any individual involved in content or documents also proposed for redaction under FOIA exemption (b)(5). Where Defendants claim a (b)(6) redaction to protect the identity of an individual who sent, received, produced, or edited a document over which Defendants claim a simultaneous (b)(5) exemption, Defendants agree to provide the same details required to justify a (b)(5) redaction.

7.    At this time, Defendants do not anticipate the need for an *Open America* stay in this case.

8.    The parties currently propose deferring the question of whether summary judgment briefing is anticipated until the document productions have concluded.

9.    The parties propose to file an additional JSR no later than September 15, 2023.

10.    A proposed order is enclosed.

Dated:  August 23, 2023

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:    */s/ Sean M. Tepe*
SEAN M. TEPE, D.C. Bar #1001323
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-2533
Email: sean.tepe@usdoj.gov


*/s/ Samuel G. Hall*
Samuel G. Hall (D.C. Bar No. 242110)
Andrew B. English (D.C. Bar No. 1021498)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006-1238
Tel: (202) 303-1000
Fax: (202) 303-2000
SHall@willkie.com
AEnglish@willkie.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PDV HOLDING, INC.,<br><br>                    Plaintiff,<br><br>          v.<br><br>U.S. DEPARTMENT OF THE<br>TREASURY et al.,<br><br>                    Defendants. | Civil Action No. 23-1304 (TJK) |

## [Proposed] ORDER

Upon consideration of the parties' Joint Status Report, it is hereby **ORDERED** that the

parties shall file by September 15, 2023 an additional joint status report advising the Court of the

status of this matter, including a recommendation for further proceedings.

It is **SO ORDERED** this _____ day of _____, 2023.

_____
U.S. DISTRICT COURT JUDGE

EXHIBIT 4

## Ringger, Devin Charles

| | |
|---|---|
| **From:** | Tepe, Sean (USADC) <Sean.Tepe@usdoj.gov> |
| **Sent:** | Wednesday, August 23, 2023 9:14 PM |
| **To:** | Ringger, Devin Charles |
| **Cc:** | Hall, Samuel; English, Andrew |
| **Subject:** | RE: Activity in Case 1:23-cv-01593-TJK WILLKIE FARR & GALLAGHER LLP v. UNITED STATES DEPARTMENT OF STATE Order |
| **Attachments:** | PDV v Treasury - 8.23.23 JSR final 9 pm.pdf; PDV v Treasury - 8.23.23 JSR redline.pdf |

**\*\*\* EXTERNAL EMAIL \*\*\***

Devin,

Attached is (1) the JSR with exhibits in file-ready format and (2) a redline showing the edits I made to the joint section at the very end with comments explaining the rationale.

As for further editing by Plaintiff, I don't believe that is appropriate because that wasn't something you raised until your 5 pm email when I was offline.  Once your read Treasury's statement, though, I think you will conclude that further edits are not necessary.  Treasury's section was draft based on Monday's proposal, and I just assembled the pieces.

Sean

**From:** Ringger, Devin Charles <DRingger@willkie.com>
**Sent:** Wednesday, August 23, 2023 9:03 PM
**To:** Tepe, Sean (USADC) <STepe@usa.doj.gov>
**Cc:** Hall, Samuel <SHall@willkie.com>; English, Andrew <AEnglish@willkie.com>
**Subject:** [EXTERNAL] RE: Activity in Case 1:23-cv-01593-TJK WILLKIE FARR & GALLAGHER LLP v. UNITED STATES DEPARTMENT OF STATE Order

Hi Sean,

I just wanted to touch base on the below. Please let us know when you anticipate that we will be able to see Defendants' Statement.

Best,
Devin

**Devin Charles Ringger**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1463 | Fax: +1 202 303 2000
dringger@willkie.com | vCard | www.willkie.com bio
Pronouns: he, him, his

On Aug 23, 2023 4:57 PM, "Ringger, Devin Charles" <DRingger@willkie.com> wrote:
Sean,

Please find attached a revised JSR draft featuring Plaintiff's Statement and with a space left for you to input Defendants' Statement.  I am also attaching a redline showing the changes we've made compared to the version you sent earlier

today, and the two exhibits to be attached as Exhibits 1 and 2, respectively.  We have additionally accepted your proposal to set the next JSR to be due on September 22, 2023.  We would appreciate you sharing Defendants' Statement draft with us prior to filing and with sufficient time to adjust Plaintiff's Statement as appropriate, and we will be prepared to give final filing approval once we have received and reviewed that final draft JSR containing both statements.

Best,
Devin


**Devin Charles Ringger**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1463 | Fax: +1 202 303 2000
dringger@willkie.com | vCard | www.willkie.com bio
Pronouns: he, him, his

**From:** Tepe, Sean (USADC) <Sean.Tepe@usdoj.gov>
**Sent:** Wednesday, August 23, 2023 1:40 PM
**To:** Ringger, Devin Charles <DRingger@willkie.com>; Hall, Samuel <SHall@willkie.com>
**Cc:** English, Andrew <AEnglish@willkie.com>
**Subject:** RE: Activity in Case 1:23-cv-01593-TJK WILLKIE FARR & GALLAGHER LLP v. UNITED STATES DEPARTMENT OF STATE Order

**\*\*\* EXTERNAL EMAIL \*\*\***

While the parties work on their respective statements, attached is a redline of the joint portion of the JSR into which the parties' statements would be pasted.  I think the main issue is the date of the next JSR, which I would move back a week.

I will be out of pocket late afternoon, but I can take your statement when received and paste it along with Treasury's statement into the JSR and file it this evening.

Sean

**From:** Ringger, Devin Charles <DRingger@willkie.com>
**Sent:** Tuesday, August 22, 2023 3:24 PM
**To:** Tepe, Sean (USADC) <STepe@usa.doj.gov>; Hall, Samuel <SHall@willkie.com>
**Cc:** English, Andrew <AEnglish@willkie.com>
**Subject:** [EXTERNAL] RE: Activity in Case 1:23-cv-01593-TJK WILLKIE FARR & GALLAGHER LLP v. UNITED STATES DEPARTMENT OF STATE Order

Sean,

Thanks for your response. The substance of Plaintiff's position and requests of the Defendants remain unchanged (and remain subject to client approval), so you may proceed to work with Treasury and OFAC to draft Defendants' Position insert based upon the previous draft we circulated.  Plaintiff will draft its own position-insert for the JSR, and will provide that revised statement to you tomorrow by 5pm, once we have client sign off.

Best,
Devin

**Devin Charles Ringger**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1463 | Fax: +1 202 303 2000
dringger@willkie.com | vCard | www.willkie.com bio
Pronouns: he, him, his

**From:** Tepe, Sean (USADC) <Sean.Tepe@usdoj.gov>
**Sent:** Tuesday, August 22, 2023 10:26 AM
**To:** Ringger, Devin Charles <DRingger@willkie.com>; Hall, Samuel <SHall@willkie.com>
**Cc:** English, Andrew <AEnglish@willkie.com>
**Subject:** RE: Activity in Case 1:23-cv-01593-TJK WILLKIE FARR & GALLAGHER LLP v. UNITED STATES DEPARTMENT OF STATE Order

<mark>**\*\*\* EXTERNAL EMAIL \*\*\***</mark>

6a asks Treasury to justify sending docs out for consultation. It is not "commonly required" as I suspect you know. And you know there are equities in these docs because Willkie/PDV FOIA'd three agencies for really one set of records.

6b asks for interim Vaughn indexes when Plaintiff had in a previous JSR agreed to defer the question of whether a Vaughn index will be necessary until the document productions have concluded.

6c provides detailed instructions on what Plaintiff would like to see in a Vaughn, which is premature and unnecessary. When it comes time to Vaughn, an adequate Vaughn will be forthcoming.

Personally, in all of my years litigating FOIA, I have never seen a plaintiff attempt to micromanage an agency's FOIA's response to this degree much less for a case that just started. So it is not a question of Treasury's unwillingness to confer or to provide required information. Rather, it is a question of whether Plaintiff's proposal is reasonable. It is not. If you wish to further edit for a Plaintiff's statement, I kindly ask that Plaintiff's statement be provided by 4 pm today so that Treasury knows to what it is responding.

Sean

---

**From:** Ringger, Devin Charles <DRingger@willkie.com>
**Sent:** Tuesday, August 22, 2023 9:51 AM
**To:** Hall, Samuel <SHall@willkie.com>; Tepe, Sean (USADC) <STepe@usa.doj.gov>
**Cc:** English, Andrew <AEnglish@willkie.com>
**Subject:** [EXTERNAL] RE: Activity in Case 1:23-cv-01593-TJK WILLKIE FARR & GALLAGHER LLP v. UNITED STATES DEPARTMENT OF STATE Order

Hi Sean,

Is it Defendants' position that they are unwilling to provide any of the information requested in paragraph 6? As you can see, that section has several sub-parts and is requesting several different categories of information in order to allow Plaintiff to assess the proposed redactions and the timing of the referral/consultation/submitted notice processes. If Defendants are willing to provide a subset of that information, we are happy to redraft this accordingly, but we'd need to know what subset of that information Defendants are willing to provide. If Defendants are unwilling to provide any part of Paragraph 6, and are unwilling to confer further on this proposal, we will move forward with drafting a separate position for Plaintiff to be included in the JSR.

Best,
Devin


**Devin Charles Ringger**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1463 | Fax: +1 202 303 2000
dringger@willkie.com | vCard | www.willkie.com bio
Pronouns: he, him, his

On Aug 22, 2023 9:25 AM, "Tepe, Sean (USADC)" <Sean.Tepe@usdoj.gov> wrote:

**\*\*\* EXTERNAL EMAIL \*\*\***

Sam,

I have reviewed your proposed JSR.  Treasury will not be agreeing to the proposal in paragraph 6.  I assume, based on how it is drafted, that you intend to leave this text in the JSR in the absence of Treasury's agreement.  Therefore, I will make paragraph 6 a Plaintiff's statement and follow it with a Defendants' statement.  Of course, if you don't intend to keep any portion of that paragraph, please let me know as have too many cases to be doing unnecessary drafting of a rebuttal.

Sean

---

**From:** Hall, Samuel <SHall@willkie.com>
**Sent:** Monday, August 21, 2023 2:16 PM
**To:** Tepe, Sean (USADC) <STepe@usa.doj.gov>
**Cc:** Ringger, Devin Charles <DRingger@willkie.com>; English, Andrew <AEnglish@willkie.com>
**Subject:** [EXTERNAL] RE: Activity in Case 1:23-cv-01593-TJK WILLKIE FARR & GALLAGHER LLP v. UNITED STATES DEPARTMENT OF STATE Order

Sean –

We are following up on our note below. In the interest of time, we have also drafted a proposed JSR, which is still subject to client approval.

Best,
Sam


**Samuel Hall**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1443 | Fax: +1 202 303 2000
shall@willkie.com | vCard | www.willkie.com bio

---

**From:** Hall, Samuel <SHall@willkie.com>
**Sent:** Tuesday, August 15, 2023 4:21 PM
**To:** 'Tepe, Sean (USADC)' <Sean.Tepe@usdoj.gov>
**Cc:** Ringger, Devin Charles <DRingger@willkie.com>; English, Andrew <AEnglish@willkie.com>

**Subject:** RE: Activity in Case 1:23-cv-01593-TJK WILLKIE FARR & GALLAGHER LLP v. UNITED STATES DEPARTMENT OF STATE Order

Sean –

Given the JSR due next Wednesday, are you available for a meet and confer next Monday when you are back in the office?

Best,
Sam


**Samuel Hall**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1443 | Fax: +1 202 303 2000
shall@willkie.com | vCard | www.willkie.com bio